ROBERTSON, Justice:
The Appellant, New Orleans and Northeastern Railroad Company, has appealed from an Order of the Circuit Court of the First Judicial District of Hinds County, Mississippi, affirming an Order of the Public Service Commission of Mississippi denying the application of appellant to discontinue its agency station at Heidelberg, Mississippi.
The appellant assigned as error that:
“1. The Commission erred in its findings and ruling that the public convenience and necessity require the maintenance of an agency station at Heidelberg, Mississippi, there being no substantial evidence in the record to support such findings and ruling.
“2. The Commission erred in its ruling that only direct station expenses and no line-haul, indirect expenses should be chargeable to the Heidelberg, Mississippi Agency Station.”
The appellant attached to its application to discontinue the operation of its agency station at Heidelberg, Mississippi, eleven exhibits showing, among other things, that the appellant suffered a loss from the operation of its agency station at Heidelberg in 1963 of $4,165 and a loss for the year 1964 of $2,175.
Exhibit 5 reflected that during the year 1963 only 23 carloads of freight were shipped to Heidelberg, Mississippi, of which 20 carloads were pipe-iron for the Tennessee Gas Pipeline Company and 3 carloads were fertilizer. During the year 1963, 248 carloads of pulpwood were shipped out of Heidelberg and none were prepaid. During the year 1964, 86 carloads of freight were shipped into Heidelberg, of which 82 cars were of pipe-iron or steel for Tennessee Gas Pipeline Company, 3 cars were of fer *867 tilizer and 1 was of asphalt siding. During 1964, 327 carloads were shipped from Heidelberg, all of which were pulpwood except one which was lumber. All 327 carloads were shipped collect.
J. E. Blacklidge, Trainmaster of the appellant, verified the fact that there would be no physical change in the present handling of freight, if the agency station were discontinued, and no loss of time from the standpoint of the shipper. Blacklidge testified that there would be no delay and no difference in the way shippers are now notified and the way they will be notified in the future. Although the station agent at Heidelberg is on duty from 8:00 A.M. to 5:00 P.M. there is only about an hour’s work each day, and on the average, he has about seven hours a day idle time.
A. B. Gleason, Statistician for Appellant, testified that he prepared Exhibits 5 through 11 in accordance with a formula approved by the Southeastern Association of Railroad and Utility Commissioners. Gleason stated that it costs the appellant $1.37 to earn a freight revenue dollar at Heidelberg under the present situation.
There is no railway express agency at Heidelberg and no passenger trains serve the town, but Heidelberg does receive mail service. The mail service will not be affected by the discontinuance of the agency station.
The data contained in the sworn exhibits received in evidence, and the testimony of Blacklidge and Gleason, were uncontradict-ed.
Witnesses for the Protestant, the Town of Heidelberg, testified that the town is growing, that the Heidelberg oil field is developing rapidly, and the pulpwood industry is increasing. However, these witnesses admitted that no oil is shipped via railroad, but all oil is transported either by pipeline or tanker truck. They did not contend that there would be any change in the method of shipping pulpwood collect to the mill.
The testimony was overwhelming and un-contradicted that no reasonable public convenience and necessity required the continuance of the agency station at Heidelberg.
The testimony was uncontradicted that the appellant lost money in 1963 and 1964 by operating the agency station at Heidelberg. However, the Public Service Commission disregarded the testimony as to line-haul transportation expenses, and held that the agency realized a profit for each of these years.
This Court has held many times that the apportioning of line-haul indirect expenses among all the agency stations is equitable, reasonable, just and proper. See Illinois Central Railroad Co. v. Town of Goodman, 2S2 Miss. 297, 173 So.2d 116 (1965), and cases collated in that opinion.
In spite of this long line of decisions, the Commission held that only the direct station expenses could be charged against the agency station at Heidelberg in determining whether the station operated at a profit or loss. The Commission specifically held that indirect expenses or “line haul” expenses could not be allocated to the Heidelberg station. The Commission did hold that “If indirect expenses as well as direct expenses are proper to be charged then the station will show a loss for each of the years.”
The Commission and the Circuit Court of the First Judicial District of Hinds County were apparently unfamiliar with that line of cases wherein this Court has repeatedly approved the apportioning of indirect or line-haul expenses to all agency stations in order to determine whether each station is operating at a profit or loss.
The overwhelming weight of the evidence establishes the fact that the public convenience and necessity will be reasonably met by the substitution of a prepay station for the agency station at Heidelberg.
The Commission acted arbitrarily and capriciously in holding that no line-haul *868 indirect expenses could be charged to the Heidelberg agency station.
The Order of the Circuit Court of the First Judicial District of Hinds County, Mississippi, affirming the Order of the Mississippi Public Service Commission is reversed, and the application of the appellant to discontinue its agency station at Heidelberg is granted.
Reversed and judgment here for appellant.
ETHRIDGE, C. J., and JONES, BRADY and INZER, JJ., concur.